*348 The opinion of the. Court was delivered by
Tilghman, C. J.
As the defendants stand on an équitable, defence, it is not very material whether the deed from Haslet, conveyed the estate of Elizabeth MiIlvaine or not. if there'were no other objection than the form of conveyanee, neither. Mrs. M'Ilvaine, nor, the defendant who claims as,her devisee, would be permitted to take advantage of that’ defect. But there is a more substantial objection^ which, will appear by considering the nature of the contract between Haslet and his-.mother-in-law,: Mrs. M'Ilvaine. Haslet’s deed to her, and her bond to Haslet, bear the same date, and must b'e considered as one transaction. Although Haslet conveyed 25 acres, part oif his larger tract, yet it was understood, that-he was to have power to sell the whole tract, including the 25 acres, provided that Mrs. Myllvaine was to have the "benefit of the advance "in price, if any there should bé. This power Mrs. MiIlvaine could not revoké, because it'was in part the consideration of Haslet’s conveyance to her, and the reason of his reserving the power is plain. It might have prejudiced the sale of the whole tract, if these 25 acres were cut out of it.' On the other hand the interest of Mrs MiJlvaine, was attended to. For while care was taken that the whole tract should be sold to the best advantage, she was to be the gainer by any advance of price which Has-let might obtain. Haslet therefore had np right to sell .in such a" mariner as would make it impossible to know what the advance of price was, which he has done, by taking part of the price in land. And although'Mrs.- M'Ilvaine’s deed jvas not on record j when Brolherton made his agreement, yet it appears that he was fully acquainted with it, because he. wás put in possession of her bond which recites it. But if Mrs, MHlvaine’s devisee insists on vacating the. sale of these 25 acres, he ought hot to be-permitted to take the possession from Brolherton, • till he'pa^s the purchase money. Considering all the circumstances of the contract, and the retaining of the possession by Haslet, it seems to have been the intent of the "parties that 'Haslet should keep the security for payment in his own hands. If he sold at an advanced price, all that he had to do"’, was to pay the- advance to Mrs. 'M’llvaine,- and- keep the residue for himself..' If he sold at exactly the same rate that she paid, he might keep the *349 whole, and in that case she would have nothing to. pay¿ But the power in' Haslet to sell, though irrevocable, by Mrs. Mo livable, was not to be abused by protracting the' sale for an unreasonable length of time. In such case, on tender of the purchase money and interest, she should have been entitled to recover the possession. This construction of the contract^ gives-perfect equity .to both parties, and seems-really to be what both- intended. I am therefore of opinion,-that there, was error in that part, of the charge of thé President of the C.ourt of Common Pleas, in which it was said, that the plaintiff was entitled to recover without payment or tender of the purchase money. It follows, that the judgment is to be reversedj and a venire facias de novo awarded.
Judgment reversed, and a venire facias . : de novo awarded.